UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **FRANKLIN GARDNER** | : | **OPINION** |
| Plaintiff, | : | |
| V. | : | |
| | : | Case Number:   04-618 |
| | : | |
| DR. GREGORY ACHEBE, et al, | : | |
| Defendants. | : | |
| | : | |

**CHESLER, District Judge**,

This matter comes before the Court upon the Motion of State Defendants, Hendricks and Maurer, to dismiss Plaintiff's Complaint for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

DISCUSSION

Plaintiff, Franklin Gardner, is an inmate currently incarcerated at New Jersey State Prison (NJSP) in Trenton, New Jersey. On February 17, 2004, he commenced this pro se action, pursuant to 42 U.S.C. § 1983, against two employees of the New Jersey Department of Corrections, Roy L. Hendricks and Susan Maurer ("State Defendants") claiming that the State Defendants were deliberately indifferent to his medical needs.

On August 3, 2004, the Court dismissed Plaintiff's complaint for failure to state a claim and on August 11, 2004, the case was terminated. On October 20, 2004, Plaintiff filed a motion for relief from the order of dismissal and a motion for leave to file an Amended Complaint. The motions were granted and the Plaintiff filed an Amended Complaint on October 22, 2004.

Then, on December 14, 2004, the Attorney General's Office filed a letter informing the

Court that the State Defendants had no knowledge of the case and were unable to comply with the New Jersey Tort Claims Act because they had not been properly served. A copy of this letter was also served on Plaintiff.  Defendants' Certification of Counsel, Ex. A.

Next, on December 30, 2004, Plaintiff filed a Second Amended Complaint.  On June 24, 2005, the attorney general's office received a letter from Plaintiff advising that the State Defendants never filed an answer to his Second Amended Complaint.  See Defendants' Certification of Counsel, Exhibit B.  Attached to this letter was a copy of a second letter Plaintiff sent to the Court requesting withdrawal of his second Amended Complaint and informing the Court of his intention to rely on the first Amended Complaint he filed on or about October 20, 2004.  Defendants' Certification of Counsel, Exhibit C.

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 120 days after the filing of the complaint and under Fed. R. Civ. P. 12(b)(5), a defendant may move for dismissal of a complaint when service of process is insufficient.  Here, Gardner's first Amended Complaint was filed on October 22, 2004.  On December 14, 2004, Gardner was served with a copy of a letter by former Deputy Attorney General Nicole Morris informing the court that the State Defendants never received proper service of either Gardner's original complaint, which was dismissed by the court for failure to state a claim, or his first Amended Complaint.

On December 30, 2004, Gardner filed a second Amended Complaint which was also never served on the State Defendants. Gardner now seeks to rely on his first Amended Complaint.  To this date, it has been almost ten months after the filing of his first Amended Complaint and more then six months after having notice of insufficiency of service and Defendants still have not been served process in accordance with the Federal Rules.

On July 14, 2005 the Court received a letter from Plaintiff requesting an extension to file

Opposition to this motion, which he sought to file within "seven to fourteen days." The request was opposed by Defendants, in a letter brief dated July 27, 2005. As of the date of this Opinion and Order, no Opposition has been filed.[1]

In another letter dated July 14, 2005, to the Clerk of the Court, Plaintiff requested that the Office of the Attorney General accept service on behalf of Defendants Hendricks and Maurer. This would not be feasible. As Defendants point out, pursuant to N.J.S. 59:10A, the Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment. However, the Attorney General can also refuse to provide a defense. The defendants must first be served with the Summons and Complaint *and then* they request representation from the Attorney General's Office. Here, the Attorney General's office cannot sign a Waiver of Service of Summons for the defendants because these potential defendants have not yet requested representation from the Attorney General's office. For this reason, Plaintiff's request that the Attorney General's office accept service on behalf of potential defendants, Hendricks and Maurer, must be denied.

## CONCLUSION

For all of the above reasons, Defendants Motion to Dismiss as to Defendants Hendricks and Maurer, pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) will be granted in an Order accompanying this Opinion and dated the same.

---

[1] On August 25, 2005, the Court received Plaintiff's belated brief in opposition to this motion. After carefully reviewing this brief, the Court finds no reason stated in the Plaintiff's opposition to justify not granting the state's motion to dismiss for insufficient service of process.

<u>Stanley R. Chesler, U.S.D.J. /s/</u>

<u>                                                                             </u>Dated: August, 25, 2005