NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN GARDNER | |
| Plaintiff, | CIVIL NO. 04-618 (SRC) |
| v. | **OPINION** |
| DR. GREGORY ACHEBE, et al. | |
| Defendants. | |

**CHESLER, District Judge**

**THIS MATTER** (docket entry #51) comes before the Court on a Motion for Relief from Judgment, to have summonses and complaints served on Defendants Hendricks and Marurer, and leave to have Plaintiff's Second Amended Complaint (docket entry #25) removed from the docket and to rely on the Plaintiff's First Amended Complaint (docket entry #18) by Plaintiff Franklin Gardner.  The Court, having considered the papers submitted by the parties, for the reasons set forth below, and for good cause shown, **DENIES** the Plaintiff's Motion for Relief from Judgment and to have summonses served on Defendants Hendricks and Marurer.  The Court **GRANTS** the Plaintiff's motion to have the Plaintiff's Second Amended Complaint (docket entry #25) deemed struck from the docket and to rely on the Plaintiff's First Amended Complaint (docket entry #18).

**I.  BACKGROUND**

Plaintiff Franklin Gardner ("Gardner") is an inmate currently incarcerated at New Jersey

State Prison in Trenton, New Jersey. On February 17, 2004, Gardner commenced a pro se action, pursuant to 42 U.S.C. § 1983, against two employees of the New Jersey Department of Corrections, Roy L. Hendricks ("Hendricks") and Susan Maurer ("Maurer"), and others, claiming that the Defendants were deliberately indifferent to his medical needs (docket #1). On August 4, 2004, this Court entered an order dismissing the Complaint for failure to state a claim (docket entry #11). On October 13, 2004, Plaintiff filed a motion for relief from judgment regarding the Court's earlier dismissal of his Complaint, and for leave to file an amended complaint (docket entry #13). The Court granted this motion on October 22, 2004 (docket entry #17). On October 22, 2004, Gardner filed a First Amended Complaint (docket entry #18).

On December 14, 2004, the New Jersey Attorney General's Office ("NJAGO"), who represent defendants Hendricks and Maurer, filed a letter informing the Court that defendants Hendricks and Maurer had no knowledge of the case and that Gardner was unable to comply with the New Jersey Tort Claims Act because he had not properly served these defendants. A copy of this letter was also served on Gardner. On December 30, 2004, Gardner filed a Second Amended Complaint (docket entry #25). On January 20, 2005, defendants George Achebe, Eunice Green, Ellen Warner, and Carol Holt filed an answer to the Second Amended Complaint (docket entry #28). This Second Amended Complaint, however, was also never served on Hendricks or Maurer.

On June 24, 2005, the NJAGO received a letter from Gardner advising them that Hendricks and Maurer never filed an answer to his Second Amended Complaint. On July 5, 2005, the Hendricks and Maurer filed a motion to dismiss the claims against them for insufficiency of process (docket entry #38). This motion was granted by the Court on August 22, 2005 (docket entry #44) pursuant to FED. R. CIV. P. 4(m).

## II.  DISCUSSION

The Plaintiff's motion for relief from judgment is actually a motion seeking reconsideration of the Court's dismissal of the Plaintiff's Complaint against defendants Hendricks and Maruer (the "Defendants").  In an opinion dated August 18, 2005, the Court dismissed the Complaint against Hendricks and Maurer as a result of his failure to serve them more than ten months after the Complaint was filed and more than six months after the N.J. Attorney General's Office gave Plaintiff notice of the insufficiency of service against these defendants.

The dismissal of the Complaint was pursuant to FED. R. CIV. P. 4(m), without prejudice. Now, nearly than four months later, the Plaintiff seeks re-consideration, arguing that his status in administrative segregation coupled with communication problems with his inmate paralegal frustrated his efforts to pursue the case.  The Court is unpersuaded.  The New Jersey Attorney General's Office specifically went out of its way to inform the Plaintiff as to the problems with his service upon the Defendants, and the Plaintiff did nothing to move the case forward for ten months.  Under the circumstances, the Court finds no reason stated in the Plaintiff's papers to conclude that its earlier dismissal was improper.  The Plaintiff's motion for relief from judgment is, therefore, **DENIED**.

The application of the Plaintiff to have his Second Amended Complaint (docket entry #25) regarded as withdrawn from the docket and to rely on the Plaintiff's First Amended Complaint (docket entry #18) is unopposed.  Therefore, the motion to withdraw the Second Amended Complaint (docket entry #25) and to have the remaining parties rely on his First Amended Complaint (docket entry #18) is **GRANTED**.

## III.  CONCLUSION

For the reasons stated above, and for good cause shown, the Court **DENIES** the Plaintiff's Motion for Relief from Judgment, and **GRANTS** the Plaintiff's Motion to withdraw his Second Amended Complaint, and to rely on his First Amended Complaint.  An appropriate form of order will be filed herewith.


Date:   February 24, 2006


   s/Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.